# CIRCUIT COURT OF BALTIMORE CITY.

Filed December 2, 1926.

JET D. SHEETZ, ET AL.,
VS.
WILLIAM H. McNEIL, ET AL.

*Isaac T. Parks, Jr.,* for complainants.

*Briscoe & Jones* for defendants.

FRANK, J.—

This matter is submitted to me upon petition and the answer of the trustees herein, the facts therein stated being

stipulated to be true, and I am requested to decide the same without formal hearing.

The automobile involved was purchased by one Ethel Clawans from the assignor of the petitioner under a contract in the form of what is called a chattel mortgage, which provided that the title to the car would not pass by delivery, but should remain in and be the property of the mortgagee until the purchase price had been fully paid. The amount due on the car had been $1,086, upon which $181 had been paid by the purchaser, leaving a balance due of $905. The chattel mortgage was duly recorded in the office of the Recorder of Deeds of the District of Columbia as provided by law. At that time the purchaser was a resident of the District of Columbia, the car was there and the mortgagee was there engaged in business. Neither the mortgagee, nor its assignees, had any knowledge or notice that the purchaser intended to bring the car to Maryland and, therefore, never in any manner acquiesced in her so doing. The purchaser did bring the car to Baltimore and borrowed thereon $500 from the decedent, Carrie Kraft McNeil, leaving the car as security. The decedent acted in complete good faith and fully complied with the provisions of the Maryland law appropriate to perfecting her lien upon the car. The debt has never been paid and now, after the death of Carrie Kraft McNeil, her estate claims the right to hold the car as security therefor.

The question thus presented for decision is whether or not the chattel mortgage, above described, will protect the petitioner's claim thereunder after the car had been removed to this State and pledged by the purchaser to one who had no knowledge of the chattel mortgage.

The great weight of the authorities is to the effect that a chattel mortgage, properly executed and recorded according to the law of the place where the mortgage is executed and the property is located, will, if valid there, be held valid even as against creditors and purchasers in good faith in another State, to which the property is removed by the mortgagor, unless there is some statute in the State to the contrary, or unless the transaction contravenes the settled law or policy of the form (11 C. J. 424, Sec. 330).

This question has never been discussed by the Court of Appeals of this State, so far as I am advised although the reasoning in the case of Wilson vs. Carson, 12 Md. 54, seems to lean that way. The decision in the case of Pleasanton vs Johnson, 93 Md. 674, seems, likewise, to recognize the principle above stated, although as the property therein involved was located within the State of Maryland, while the chattel mortgage was made in Delaware, its facts called for the application of a different principle.

I find no statute law and no decision of our Court of Appeals which indicate that there is any law or policy of the State of Maryland which would be contravened by giving effect to the law of the situs of the property which, in this case, is also the law of the domicile of both of the parties to the transaction.

Many of the authorities hold that where the mortgagee has consented to the removal of the property, he will forfeit his right to a lien, unless he takes such steps as are required for his protection by the statutes of the State to which the property is removed. By express stipulation herein, it appears that the petitioner had no knowledge of the fact of the removal of the property into this State and no notice thereof.

The trustees have made expenditures on account of the storage and upkeep of the car aggregating one hundred and ninety-two dollars and fifty cents. This was done in complete good faith and without any knowledge or actual notice of petitioner's claim to the car.

Before the petitioner's claim can be recognized, it must do equity by reimbursing the trustees of this Court, the aid of which the petitioner is now invoking, by reimbusing the trust estate for the amount of these expenditures. This requirement is especially just, as the storage and repairs have preserved and enhanced the value of the car.

I shall not permit the car to be removed out of the control of this Court until suitable provision has been made to secure to the trustees herein the repayment of said sum of $192.50, as well as any surplus that may remain from the proceeds of the sale of the car, after the satisfaction of the petitioner's claim.